UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Abel MARTINEZ ALEMAN a/k/a Pedro RIVERA,<br><br>Petitioner,<br>v.<br><br>PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; CAMMILLA WAMSLEY, Field Office Director, ICE Seattle Field Office; and BRUCE SCOTT, Warden, Northwest ICE Processing Center;<br><br>Respondents. | CASE NO. 2:25-cv-02346-JNW-MLP<br><br>ORDER GRANTING TEMPORARY RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |

Petitioner Abel Martinez Aleman petitions the Court for a writ of habeas corpus ordering his release from confinement. Dkt. No. 1. Martinez Aleman also moves for a temporary restraining order ("TRO") preventing his transfer or removal from the United States or this District while his habeas petition is pending. Dkt. No. 2.

Martinez Aleman is a citizen of El Salvador who has been living in the United States since 1988, nearly forty years. *Id.* at 2. He is married to a U.S. citizen

ORDER - 1

and has three U.S. citizen children and one child with Deferred Action for Childhood Arrivals. *Id.* In 2014, Martinez Aleman was placed on an Order of Supervision ("OSUP") with his local ICE Field Office, and he asserts that he has complied with his OSUP and ICE check-ins for the last ten years. Dkt. No. 1 ¶ 22.

On January 8, 2025, Martinez Aleman received a letter from ICE terminating his OSUP, and on August 18, 2025, he was issued a notice scheduling his removal. Dkt. No. 2 at 3. He filed a motion to reopen based on ineffective assistance of counsel on August 27, 2025, and filed an I-246, Request for Stay of Removal and Reinstatement of Order of Supervision, with ICE on September 9, 2025. *Id.* On October 9, 2025, an immigration judge denied the motion to reopen. *Id.*

Martinez Aleman then appealed to the Board of Immigration Appeals ("BIA") and filed an emergency motion to stay removal while the BIA reviewed his appeal. Dkt. No. 2 at 3. The BIA denied this motion on November 14, 2025. *Id.* at 3–4. And at Martinez Aleman's already-scheduled ICE check-in for November 18, 2025, he was detained and scheduled to be taken to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, to execute his removal order. *Id.* at 4. He also learned on this day that ICE had denied his I-246. *Id.*

Martinez Aleman asserts that if he is removed while his motion to reopen is pending before the BIA, he will lose his eligibility to apply for cancellation of removal—one of the forms of relief he seeks. *Id.* at 4. He also asserts that he will be subject to harm if removed to El Salvador, as explained in his asylum application. *Id.* at 12.

ORDER - 2

Martinez Aleman includes a certificate of service with his TRO motion stating that he has sent a copy of the motion to the U.S. Attorney's Office at usawaw.habeas@usdoj.gov, but he does not otherwise address service or the standard for an ex parte TRO. *See id.* at 17. Respondents have not entered an appearance

Even so, the Court may grant a TRO to preserve its jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."). The Court exercises that authority here.

Accordingly, the Court orders as follows:

1. Martinez Aleman's motion for temporary restraining order, Dkt. No. 2, is *provisionally* GRANTED pending Respondents' response to the motion. This grant is solely to maintain the status quo so that the Court may review the merits of the motion after full briefing.

2. Respondents ARE PROHIBITED from removing Martinez Aleman from the United States or this jurisdiction—i.e., the Western District of Washington—without further order.

3. Martinez Aleman's counsel MUST immediately serve process and a copy of this Order on Respondents. Martinez Aleman's counsel MUST immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on (1) a briefing schedule for the TRO motion, and (2) whether the Respondents will agree to a stipulated

ORDER - 3

order to *not* remove Martinez Aleman from the United States and to *not* transfer Martinez Aleman to another facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they MUST file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Respondents MUST respond to the motion for TRO according to the schedule set by Local Civil Rule 65 once notice is accomplished.

Dated this 21st day of November, 2025.

_____
Jamal N. Whitehead
United States District Judge

ORDER - 4